**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Wynne Transportation Holdings, LLC, | Case No. 25-10027 (KBO) |
| Debtor. | Tax ID Number: 83-3240566 |
| In re: | Chapter 11 |
| Wynne Transportation, LLC, | Case No. 25-10028 (KBO) |
| Debtor. | Tax ID Number: 83-3098255 |
| In re: | Chapter 11 |
| Coastal Crew Change Company, LLC, | Case No. 25-10029 (KBO) |
| Debtor. | Tax ID Number: 84-2529550 |
| In re: | Chapter 11 |
| WTH Commercial Services, LLC, | Case No. 25-10030 (KBO) |
| Debtor. | Tax ID Number: 87-1339379 |
| In re: | Chapter 11 |
| Southwest Crew Change Company, LLC, | Case No. 25-10031 (KBO) |
| Debtor. | Tax ID Number: 88-0548777 |
| In re: | Chapter 11 |
| Great Plains Crew Change Company, LLC, | Case No. 25-10032 (KBO) |
| Debtor. | Tax ID Number: 99-1565926 |

| | |
|---|---|
| In re: | Chapter 11 |
| Allegheny Crew Change Company, LLC, | Case No. 25-10033 (KBO) |
| Debtor. | Tax ID Number: 99-3369234 |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their proposed undersigned counsel, hereby submit this *Motion of the Debtors for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases* (this "Motion"). In support of this Motion, the Debtors rely on the *Declaration of M. Benjamin Jones in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), and respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[1]

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief sought herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended or modified, the "<u>Bankruptcy Code</u>"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rule 1015-1.

## <u>BACKGROUND</u>

4. On January 10, 2025 (the "<u>Petition Date</u>"), each of the Debtors commenced the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.

5. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

7. Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in detail in the First Day Declaration filed contemporaneously with this Motion and incorporated herein by reference.

## <u>RELIEF REQUESTED</u>

8. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as **<u>Exhibit 1</u>**, directing joint administration of these Chapter 11 Cases. The Debtors also request that the Clerk of the Court maintain one (1) file and one (1) docket for all of these Chapter 11 Cases, which file and docket shall be the one for Debtor Wynne Transportation Holdings, LLC.

9. The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10027 (KBO)<br><br>(Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

10. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Debtor, other than Wynne Transportation Holdings, LLC, substantially similar to the following to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Wynne Transportation, LLC and its affiliated debtors. The docket in the chapter 11 case of Wynne Transportation Holdings, LLC Case No. 25-10027 (KBO) should be consulted for all matters affecting this case.

11. Finally, the Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim against the particular Debtor which such claim is asserted, and not against the Debtors collectively in these jointly administered cases.

## BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides that an order of

joint administration may be entered where it is established "that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

13. In these Chapter 11 Cases, Wynne Transportation, LLC, Coastal Crew Change Company, LLC, WTH Commercial Services, LLC, Southwest Crew Change Company, LLC, Great Plains Crew Change Company, LLC, and Allegheny Crew Change Company, LLC are all wholly-owned subsidiaries of Wynne Transportation Holdings, LLC. The Debtors thus are "affiliates," as that term is defined in Bankruptcy Code section 101(2), and the Court has authority to grant the relief requested herein.

14. The joint administration of these Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket and combine notices to creditors of the Debtors' respective estates and other parties-in-interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings, and orders in these Chapter 11 Cases will affect both Debtors. Joint administration will permit counsel for all parties-in-interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served. Joint administration also will enable parties-in-interest in each of the above-captioned Chapter 11 Cases to be apprised of the various matters before the Court in all cases.

15. The entry of an order for joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee. Accordingly, the relief requested is warranted and will ease the administrative burden for the Court and all parties

in interest.

16. The entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere. *See, e.g.*, *In re True Value Co., LLC*, Case No. 24-12337 (KBO) (Bankr. D. Del. Oct. 14, 2024); *In re Tupperware Brands Corp.*, Case No. 24-12156 (BLS) (Bankr. D. Del. Sept. 17, 2024); *In re LL Flooring Holdings, Inc.*, Case No. 24-11680 (BLS) (Bankr. D. Del. Aug. 11, 2024); *In re Infinity Pharms., Inc.*, Case No. 23-11640 (BLS) (Bankr. D. Del. Oct. 2, 2023); *In re Pegasus Home Fashions, Inc.*, Case No. 23-11235 (MFW) (Bankr. D. Del. Aug. 25, 2023); *In re Winc, Inc.*, Case No. 22-11238 (LSS) (Bankr. D. Del. Dec. 6, 2022); *In re Gulf Coast Health Care, LLC*, Case No. 21-11336 (KBO) (Bankr. D. Del. Oct. 15, 2021).

17. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE AND NO PRIOR REQUEST

18. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the DIP Lender; (c) each of the Debtors' creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; and (g) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

19.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto (a) directing joint administration of these Chapter 11 Cases for procedural purposes only and (b) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 12, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Clifford R. Wood, Jr.*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Joshua B. Brooks (No. 6765)<br>Clifford R. Wood, Jr. (No. 7130)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>        mcguire@lrclaw.com<br>        brooks@lrclaw.com<br>        wood@lrclaw.com<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-In-Possession* |