IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1] | Case No. 25-10027 (KBO) |
| | (Jointly Administered) |
| Debtors. | Ref. No. 112 |

**ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

This matter coming before the Court upon the certification of counsel (the "Certification") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (the "Order") pursuant to section 1112(a) of the Bankruptcy Code, converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, and the Court having considered the Certification, and the Court having determined that the relief requested in the Certification is in the best interests of the Debtors, their estates, and their creditors; and this Court having jurisdiction to consider the Certification and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding; and the filing of the Certification in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Pursuant to section 1112(a) of title 11 of chapter 11 of the United States Code (as amended or modified, the "Bankruptcy Code"), the chapter 11 cases of the Debtors are

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

converted to cases under chapter 7 of the Bankruptcy Code effective as of the date of the entry of this Order (the "Conversion Date").

2. On or as soon as practicable after the Conversion Date, the Debtors shall turn-over to the chapter 7 trustee any and all records and estate property under their dominion, control and custody and as required by Federal Rule of Bankruptcy Procedure 1019(4).

3. Within 15 days of the Conversion Date, the Debtors shall file a schedule of unpaid debts as of the Conversion Date incurred after commencement of the case, including the name and address of each creditor as required by Federal Rule of Bankruptcy Procedure l019(5).

4. Within 30 days of the Conversion Date, the Debtors shall file and transmit to the Office of the United States Trustee a final report and account as required by Federal Rule of Bankruptcy Procedure l019(5)(A).

5. All professionals retained by the Debtors and the Official Committee of Unsecured Creditors appointed in these Chapter 11 cases (the "Committee") (excluding professionals retained in the ordinary course of business, but including professionals whose retentions remain subject to Bankruptcy Court approval) shall submit final fee applications (the "Final Fee Applications") in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than twenty-one (21) days after the Conversion Date (the "Final Fee Application Deadline"). The Court will conduct a hearing on such Final Fee Applications on April 16, 2025 at 10:30 AM. All approved amounts owed for professionals' fees and expenses shall be paid (x) first, from each professional's retainer, to the extent such retainers exist; (y) second, from the Carve-Out[2]; and thereafter (z) from the Debtors' chapter 7

---

[2] "Carve-Out" shall have the meaning ascribed to it in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Secured, Superpriority Basis, and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [D.I. 29] (the "Interim DIP Order").

estates; provided, however, that amounts payable from the Professional Fee Escrow[3] and the Carve-Out shall be adjusted to ensure that the total amount paid to each estate professional (including retainers, if any) is *pro rata* based on each estate professional's budgeted Carve-Out fees and expenses, as reflected in the Approved Budget [D.I. 96].

6. For the avoidance of doubt, and consistent with the Interim DIP Order, any liens and claims asserted by any party-in-interest shall be subject in all respects to the Carve-Out.

7. On the Conversion Date, (i) the Committee shall be immediately dissolved, and all professionals retained by the Committee shall be discharged, with no further action required by the Committee; and (ii) all professionals retained by the Debtors shall be discharged, with no further action required by the Debtors; provided, however, that Landis Rath & Cobb LLP and Ankura Consulting Group, LLC shall be authorized but not directed to assist the Debtors in effectuating a conversion of the Chapter 11 cases to cases under Chapter 7. For the avoidance of doubt, nothing set forth herein shall prejudice any professionals to prosecute their retention and/or fee applications.

8. Subject to its compliance with Del. Bankr. L.R. 2002-1(e), Omni Agent Solutions, Inc. shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' chapter 11 cases as of the Conversion Date and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' chapter 11 cases or the chapter 7 cases.

9. A representative of the Debtors, and, if so requested by the chapter 7 trustee, counsel to the Debtors in these cases shall appear at the meeting of creditors pursuant to 11 U.S.C. §§ 341(a) & 343 and such representative shall be available to testify at such hearing.

---

[3] As defined in the Interim DIP Order.

10. All orders entered by the Court in the Debtors' chapter 11 cases shall remain in full force and effect.

11. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

12. The terms of this Order shall be effective and enforceable immediately upon its entry

13. This Court shall retain jurisdiction over the terms and conditions of this Order.

Dated: February 27th, 2025
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE